F I L E D
United States Court of Appeals
Tenth Circuit

OCT 23 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRUCE WAYNE EDWARDS,

    Plaintiff-Appellant,

v.

JOHN YOUNG, B.T. JACK JONES,
GARY HATCHER, and UNITED
STATES OF AMERICA,

    Defendants-Appellees.

No. 97-6174
(D.C. No. CIV-95-1180-T)
(Western District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR,** Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Bruce Wayne Edwards appeals pro se from a summary judgment dismissing his Federal Tort Claims Act action. We affirm.

Mr. Edwards, an inmate in FCI El Reno, Oklahoma, filed this action to recover damages for injuries he sustained from an allergic reaction to medication prescribed for him by the medical staff at El Reno. He asserted his injuries were the result of the negligence of medical assistants who prescribed the medication. He also claimed he was refused "remedies" for his affliction.

The government moved for summary judgment, attaching the medical records pertinent to Mr. Edwards' medical episode. Although he set forth his injuries with graphic and horrific detail, Mr. Edwards did not otherwise respond to the government's motion. With the support of specific documentary evidence, the district court found uncontroverted evidence the medical history of Mr. Edwards contains no presence of any allergies or indication he was allergic to the prescribed medication; the medication he received was routinely prescribed for the underlying medical condition which Mr. Edwards presented; and the dosage he was given is the standard recommended dosage for treatment of that condition. The district court consequently concluded the medical assistants were not negligent.

Further examination of the record likewise demonstrates it is uncontrovered Mr. Edwards received follow-up care after he reported the reaction. Although the record indicates the attending care providers were cautious about medication lest they aggravate

Mr. Edwards' condition, they did prescribe amoxycillan, motrin, and benadryl to alleviate that condition. He was observed in the clinic not less than seven subsequent times until he no longer reported complaints from the incident. In the course of those visits, he was seen by a physician, a dentist, and a dermatologist. The dermatologist also prescribed hydrocortisone cream for another of Mr. Edward's complaints.

In short, the record establishes without controversy there is no factual basis for Mr. Edwards' complaints of negligence and maltreatment. Neither he nor the physicians' assistants who prescribed the medication for him had any prior knowledge of his allergy. Moreover, although he may disagree with or fail to understand the treatment he received following this incident, it is clear he was not left without care.

The district court correctly granted summary judgment. We affirm substantially for the reasons given in the report and recommendations of the magistrate judge and the order of the district court.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge